**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60341

(Summary Calendar)
_____


CLIFTON E. LAWRENCE,

Plaintiff-Appellant,

versus

JEANENNE PACIFIC; WYATT COLLINS;
MARK WINDHAM,

Defendants,

and

MAURICE HOOKS; LAFAYETTE NELSON,

Defendants-Appellees.


_____

Appeal from the United States District Court
For the Southern District of Mississippi
(2:93-CV-12)
_____

February 26, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Clifton E. Lawrence appeals from the magistrate judge's dismissal of his civil rights claim, brought under 42 U.S.C. § 1983. We vacate and remand.

Lawrence was detained in jail following an arrest for grand larceny. Although an order of *nolle prosequi* was entered entitling

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Lawrence to be released, he remained incarcerated for a period of nine days.  Lawrence filed a *pro se* § 1983 action, alleging that he was wrongfully imprisoned due to the defendants' gross negligence. The district court referred the case to a magistrate judge. Following a bench trial, the magistrate judge entered judgment dismissing Lawrence's claim with prejudice.[1]

We address *sua sponte* the issue of whether the magistrate judge had jurisdiction to conduct a trial and enter judgment in this case.  Because magistrate judges are not Article III judges, they lack the authority to conduct a trial and enter judgment unless all parties give their written consent.  *Mendes Jr. Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920, 924 (5th Cir. 1992); *see* 28 U.S.C. § 636(c)(1) (requiring that parties enter consent "pursuant to their specific written request").  A party's consent to a trial before a magistrate must be explicit and will not be inferred from the party's conduct.  *EEOC v. West Louisiana Health Services, Inc.*, 959 F.2d 1277, 1281 (5th Cir. 1992).  There is no evidence in the record that the parties consented to have a magistrate judge hear their case.  Accordingly, we find that the magistrate judge lacked jurisdiction to hold a trial and enter judgment in this case.[2]

---

[1]    Lawrence appeals the dismissal prior to trial of defendants Pacific, Collins and Windham.  The magistrate judge recommended that Lawrence's claims against these three defendants be dismissed because they were entitled to absolute immunity, and the district court entered an order adopting the recommendation.  After reviewing the record, we find that the district court did not err in dismissing these defendants on grounds of immunity.

[2]    We also find that Lawrence made a timely jury request in his original complaint which was erroneously overlooked by the magistrate judge.  Because we hold that the magistrate judge did not have jurisdiction to conduct a trial, Lawrence's appearance before the magistrate judge did not waive his right to a jury trial.

For the foregoing reasons, we VACATE the judgment and REMAND to the district court for further proceedings.